Howard A. Matalon, Esq.
Lauren M. Paxton, Esq.
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2424
*Attorneys for Defendants*
*Paul Jasinkiewicz, Michael Harvey, and*
*Jasinkiewicz Capital Management, LP*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTINE MONTEROSSO,<br><br>              Plaintiff,<br><br>v.<br><br>PAUL JASINKIEWICZ, MICHAEL HARVEY, JASINKIEWICZ CAPITAL MANAGEMENT, LP, and JOHN DOES 1-5 AND 6-10,<br><br>              Defendants. | 18 Civ. _____<br><br>**ECF CASE** |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Paul Jasinkiewicz ("Jasinkiewicz"), Michael Harvey ("Harvey"),[1] and Jasinkiewicz Capital Management, L.P. ("JCM") (together, the "Defendants") hereby remove this action from the Superior Court of New Jersey, Mercer County Vicinage, (the "State Court") to the United States District Court for the District of New Jersey, Newark Vicinage.  Removal is proper under 28 U.S.C. § 1441(a)

---

[1] Michael Harvey has not yet been served with a Summons and Complaint in this action, and, by joining this Notice of Removal, does not accept or waive service of same, nor is this filing intended to, nor shall it be construed as, an event that would begin the time for his filing of a responsive pleading in this case.

as this Court has subject matter jurisdiction over the removed action because: (1) this Court has original jurisdiction over claims raised in Plaintiff Christine Monterosso's ("Plaintiff") Complaint, to wit, claims under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, *et seq.* ("FLSA"), pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); and (2) this action involves citizens of different states and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a)(1). All Defendants consent to removal as reflected in their certifications filed herewith.

On June 29, 2018, Plaintiff filed a Complaint (the "Complaint") against Defendants in the State Court, which was assigned Docket No.: MER-L-1396-18 (the "Removed Action"). Copies of the Summons and Complaint are attached hereto as **Exhibit A**. In the Removed Action, Plaintiff makes claims under the FLSA, as well as claims for equitable relief under common law, and claims under the New Jersey Law Against Discrimination ("LAD"), and the New Jersey Wage and Hour Law ("NJWHL").

On July 5, 2018, Defendants Jasinkiewicz and JCM were served with copies of the Summons and Complaint. Defendant Harvey has not yet been served with a Summons and Complaint. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b). No other process, pleadings or orders have been served upon Defendants in connection with the Removed Action.

Venue is proper in the District of New Jersey under 28 U.S.C. § 1441 because this District encompasses the State Court, the forum from which this case has been removed. Further, this case is properly removed to the Newark Vicinage of the District of New Jersey because Plaintiff resides in New York City as alleged in the Complaint and two of the three defendants conducted business or reside in Morris County. The Newark Vicinage is therefore

the closest vicinage to all of the parties in this action.  Plaintiff had no proper basis to venue the Removed Action in Mercer County in the first instance.  The only connection between this action and Mercer County is the place of business of Plaintiff's law firm, which, as the Court well knows, is not a proper basis for venue.

Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action has been served on Plaintiff, and a Notice of Filing of Removal to Federal Court is simultaneously being filed with the Clerk of the Superior Court of New Jersey, Mercer County Vicinage.  A copy of the Notice of Filing of Removal is attached hereto as **Exhibit B**.

This Court has two separate bases for jurisdiction over the Complaint, both of which, independently, provide a basis for removal.  This case may be removed based on Diversity, as well as the Federal Question presented by Plaintiff's FLSA claims.

## Basis for Federal Question Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1331, because Plaintiff's FLSA claims could have been brought in this Court in the first instance, under 29 U.S.C. § 216(b), and the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  *See O'Toole v. Tofutti Brands, Inc.*, 203 F. Supp. 3d 458, 466-67 (D.N.J. 2016) (supplemental jurisdiction is properly exercised over LAD and other state law claims that concern the "same case or controversy" as federal law claims).

FLSA claims "may be maintained against any employer… in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).  This provision of the FLSA provides grounds for removal of FLSA claims to the federal district courts, despite state courts' concurrent original jurisdiction.  *See Breuer v. Jim's Concrete of Brevard, Inc*., 538 U.S. 691, 693-696 (2003) (federal district courts have original jurisdiction over FLSA claims for the purposes of

3

supporting removal); *Fenza's Auto, Inc. v. Montagnaro's, Inc.,* No. 10-3336 (RBK/JS), 2011 U.S. Dist. LEXIS 29696, at *17-18 (D.N.J. Mar. 21, 2011) (citing *Breuer* for the proposition that state court action under FLSA may be removed to federal court, even though state and federal courts both have original jurisdiction); *see also Minielly v. Acme Cryogenics, Inc.,* No. 15-6164, 2016 U.S. Dist. LEXIS 40905, at *6-7 (E.D. Pa. Mar. 28, 2016) (denying plaintiff's motion to remand where FLSA claim for failure to pay wages provided grounds for removal under federal question jurisdiction;  citing *Breuer* and holding that "[b]ecause there is original jurisdiction over [the] FLSA claim, Defendants' removal of the case to this court was proper and the Motion for remand, is denied.").

Therefore, the Removed Action may be removed to this Court under 28 U.S.C. § 1441(a).

## Basis for Diversity Jurisdiction

This Court has a second and independent basis for jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy  exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of  different states.  Thus, the Removed Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity as well.

Plaintiff alleges in the Complaint that Plaintiff is a resident of the State of New York. As a result of this stated residence and domicile, Plaintiff is a citizen of the State of New York. **Exhibit A**[2] ¶1 ("Plaintiff, Christine Monterosso, residing in New York City, New York…").

Defendants are citizens of New Jersey as alleged in the Complaint.  **Exhibit A** ¶¶ 2-4.

---

[2] While Defendants refer to Plaintiff's Complaint throughout this Notice of Removal and related filings, such references are not intended as, and shall not be deemed, admissions as to the truth of the matter asserted, and do not otherwise concede, adopt, or accept any of Plaintiff's allegations therein.  For the avoidance of doubt, Defendants expressly reserve the right to raise any and all responsive allegations and defenses to the Complaint at the time of their Answer, or any Motion or other responsive pleading in this and any related proceeding.

Defendants Jasinkiewicz and Harvey are individual citizens of Somerset and Morris County, respectively, in the State of New Jersey.  See Jasinkiewicz and Harvey Certifications, attached hereto as **Exhibits C and D** respectively.

For the purpose of determining whether diversity jurisdiction exists, a corporation is considered to be a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  JCM is a Delaware Limited Partnership, which Defendant Jasinkiewicz owns or controls 100%, that no longer conducts business in the ordinary course.  **Exhibit C** ¶ 4.  JCM had a place of business located at 55 Madison Avenue, Morristown, New Jersey 07960 before it discontinued business operations.  All persons and entities with an interest in JCM operated the business from New Jersey and/or reside in New Jersey.  **Exhibit C** ¶ 4.  No person or entity with an interest in the business resides or has a place of business in New York.  **Exhibit C** ¶ 4.

Diversity of citizenship therefore exists in accordance with the requirements of 28 U.S.C. § 1332(a), because there is complete diversity between Plaintiff and all Defendants.

Furthermore, the amount in controversy exceeds $75,000, exclusive of interests and costs, as required under 28 U.S.C. § 1332(a).  This Notice of Removal properly asserts the amount in controversy because the amount in controversy of Plaintiff's claim is not specifically demanded in the Complaint, but is ascertainable based on Plaintiff's allegations, and it plainly exceeds $75,000.  In this circumstance, Defendants are permitted to state the amount in controversy in a "short and plain" statement in this Notice under 28 U.S.C. § 1446(a), and no evidentiary showing is required.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "when a

5

defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court;"  "[e]vidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

Here, it is apparent on the face of Plaintiff's Complaint that the amount in controversy is more than $75,000.  First, Plaintiff demands back pay and front pay since her separation from employment with JCM dating back to August 7, 2017.  **Exhibit A**, ¶¶ 62-63.  Plaintiff alleges that her wages were $31.70 per hour.  **Exhibit A**, ¶¶ 41.  Plaintiff alleges that she worked more than 40 hours per week from 2010 through her separation from JCM.  **Exhibit A** ¶ 36, 40-44.  Therefore, Plaintiff's claim for regular wages of 40 hours per week, at a rate of $31.70 per hour, from August 7, 2017 through the date of this filing, amounts to approximately $65,000.

Second, Plaintiff alleges that she is entitled to overtime at the rate of $45.00 per hour, for overtime hours worked "regularly", for more than two years, from May 2015, through the duration of her employment, ending August 7, 2017.  **Exhibit A** ¶¶ 19, 40-45.  Plaintiff further demands an additional amount of liquidated damages, equivalent to an additional equal amount of the principal overtime claim under 29 U.S.C. § 216(b).  The most reasonable interpretation of Plaintiff's allegation of "regular" overtime hours is that she worked overtime at least 1.5 hours per week, which amounts to 78 hours per year.  At the claimed rate of $45.00 per hour, Plaintiff's overtime claim would exceed $3,500 each year, for more than two years, which exceeds $7,000.  Liquidated damages equal to the alleged overtime claim would be another $7,000, which means the amount in controversy on the overtime claim is at least $14,000.  Together with the $65,000 back pay claim, the amount in controversy as to wages alone exceeds $75,000. This number is a conservative estimate of the amount in controversy in this case, as it does not take into account

Plaintiff's separate and additional claims for *inter alia* enhanced compensatory and punitive damages under the LAD and NJWHL.[3]

Therefore, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a), and the Removed Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendants hereby remove the above-referenced action now pending against them in the Superior Court of New Jersey, Mercer County Vicinage, to the United States District Court for the District New Jersey, Newark Vicinage.

Dated: Summit, New Jersey
      July 19, 2018

**OLENDERFELDMAN LLP**
Attorneys for Defendants

*/s/Howard A. Matalon*
Howard A. Matalon, Esq.
Lauren M. Paxton, Esq.
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
908-964-2424
hmatalon@olenderfeldman.com
lpaxton@olenderfeldman.com

---

[3] As noted above, Defendants' reference to Plaintiff's allegations is for the purpose of this Removal Notice only, are not intended as an admission as to the validity of any of Plaintiff's claims, and shall not be construed as such for any other purpose in this proceeding.

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 19, 2018, a copy of the foregoing Notice of Removal was served by

United States mail, postage prepaid, on Plaintiff's counsel as listed below.

Kevin M. Costello, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054


By:   /s/ Robyn A. Gardner
            Robyn A. Gardner

# EXHIBIT A

COSTELLO & MAINS, LLC
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| CHRISTINE MONTEROSSO,<br><br>                    Plaintiff(s),<br>vs.<br><br>PAUL JASINKIEWICZ; MICHAEL HARVEY; JASINKIEWICZ CAPITAL MANAGEMENT, LP; and JOHN DOES 1-5 AND 6-10;<br>                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO: MER-L-1396-18<br><br>SUMMONS |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro sc/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: July 3, 2018

Name of Defendant to be Served:          Jasinkiewicz Capital Management, LP

Address of Defendant to be Served:       211 Douglas Ave.
                                         Bernardsville, NJ 07924

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |
|---|---|
| CHRISTINE MONTEROSSO, <br><br> Plaintiff(s), <br><br> vs. <br><br> PAUL JASINKIEWICZ; MICHAEL HARVEY; JASINKIEWICZ CAPITAL MANAGEMENT, LP; and JOHN DOES 1-5 AND 6-10; <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br> MERCER COUNTY - LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO: MER-L-1396-18 <br><br><br> SUMMONS |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: July 3, 2018

Name of Defendant to be Served:          **Paul Jasinkiewicz**

Address of Defendant to be Served:        **211 Douglas Ave,
Bernardsville, NJ 07924**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 1 of 14 Trans ID: LCV20181143203

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| CHRISTINE MONTEROSSO, | : SUPERIOR COURT OF NEW JERSEY |
| | : MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : |
| PAUL JASINKIEWICZ; MICHAEL | : DOCKET NO: |
| HARVEY; JASINKIEWICZ CAPITAL | : |
| MANAGEMENT, LP, and JOHN DOES 1-5 | : |
| AND 6-10; | : |
| | : |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Christine Monterosso, residing in New York City, New York, by way of

Complaint against the defendants, says:

### Preliminary Statement

This matter is opened to the court first pursuant to the New Jersey Law Against

Discrimination's prohibition against sexual, gender, racial and ethnic harassment in the

workplace, and, also, pursuant to the provisions in the Fair Labor Standards Act ("FLSA")

prohibiting failure to pay overtime.

### Identification of Parties

1.     Plaintiff Christine Monterosso is, at all relevant times herein, a female person of

mixed ethnicity and/or race, inasmuch as she is of both Italian-American and Filipino-American

extraction, and, at all relevant times herein, was employed by the defendants jointly and

severally.

1

2.      Defendant Paul Jasinkiewicz is, at all relevant times herein, a resident of the State of New Jersey and is an owner/corporate alter ego of Jasinkiewicz Capital Management, LP (hereafter "JCM"), and is therefore contended to be plaintiff's joint employer along with co-defendant Michael Harvey and JCM.

3.      At all relevant times herein, Defendant Michael Harvey is a resident of the State of New Jersey and is an owner/corporate alter ego of JCM and is therefore contended to be plaintiff's joint employer along with co-defendant Paul Jasinkiewicz and JCM.

4.      Defendant Jasinkiewicz Capital Management, LP ("JCM") is, at all relevant times herein, plaintiff's joint employer along with co-defendants Michael Harvey and Paul Jasinkiewicz and maintains a principal domicile and/or place of business at 55 Madison Avenue, Suite 400-35, Morristown, New Jersey 07960.

5.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

### SECTION A – Sexual, Ethnic and Racial Harassment

6.      Plaintiff alleges that all harassment herein is severe and/or pervasive.

7.      Plaintiff alleges that all harassment herein is "because of" gender and/or sex, and, as well, and/or as a mixed motive, "because of" race and/or ethnic extraction.

8.      Plaintiff contends that the workplace altered so that it became hostile and/or intimidating and/or abusive.

9.      Plaintiff contends that a reasonable woman in the same or similar circumstances would have found that the workplace had so altered.

2

10.     Plaintiff contends that the conduct is the responsibility of the defendants because the defendants were aware of the conduct (based upon plaintiff's complaints regarding same and also based upon the conduct of the two owners) but failed to take reasonable steps to stop it.

11.     Plaintiff contends that the defendants are responsible for the conduct as her employers because they delegated to themselves the authority to abuse plaintiff's workplace environment.

12.     Plaintiff contends that the defendants are responsible for the conduct as her employers because JCM did not reasonably promulgate any policy in the workplace designed to halt such conduct.

13.     Defendant Michael Harvey, was, in fact, among his other titles, the head of human resources, yet at no time did he ever conduct any investigation into his own conduct or that of his partner, he willfully participated in the harassment, willfully aided and abetted his co-defendant in doing so, willfully accepted the aiding and abetting of his co-defendant, was willfully indifferent to his own conduct and that of his co-defendant, and in no way gave the impression that the written policy was ever to be taken seriously.

14.     In fact, plaintiff's complaints to Paul, which numbered by the dozen in the early years of the harassment, all went unresponded to, and were in fact followed by sexual harassment from Paul, even though plaintiff had never experienced such sexual harassment from him before her complaints.

15.     All of the conduct complained of herein is, individually or collectively, especially egregious.

3

16. Because members of "upper management" (owners) participated in the conduct, were willfully indifferent to same, and were aiding and abetting one another and JCM, punitive damages are warranted.

17. The conduct was at all times herein sexually abusive and disgusting on its face and/or racist on its face.

18. Beginning in 2010 and continuing throughout her employment, Defendant Michael Harvey constantly made derogatory references toward women, towards his own wife as being useless for other than sex and raising children; talked about his many affairs in the presence of plaintiff; talked about how he liked to have sex with women using derogatory and abusive denigrating toward women as well as sexually specific and graphic speech; suggested that women who were physically abused by their wealthy spouses deserved to be abused because they were "living off" the wealthy men in their lives; referred to women as "dumb bitch" when he couldn't remember their name; and engaged in dozens of other varieties of sexually hostile, specific, graphic and denigrating utterances and conduct in the workplace.

19. This conduct was regular, continuing and constant throughout the entire duration of plaintiff's employment, which lasted from February of 2010 through August 7, 2017.

20. Thus, the "continuing violation" doctrine applies so that all conduct related herein is actionable.

21. There was never any significant variation in the level, intensity or specificity of this conduct by Michael for the entire duration of plaintiff's employment.

22. Because Michael was the "head of human resources," and because plaintiff was aware of a written policy that meant nothing, and because she had invested "sweat equity" in her job and feared that she would not be able to get a better job in the distressed financial services

4

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 5 of 14 Trans ID: LCV20181143203

job market she determined to continue to endure the conduct, hoping at some point that Michael would lose interest.

23.     Michael never did.

24.     In 2011 and 2012, plaintiff began to complain to Paul Jasinkiewicz, the nominal other owner of the business, and while at first Paul Jasinkiewicz told plaintiff that he would look into and speak with Michael, there was never any surcease or abatement of Michael Harvey's conduct.

25.     In fact, in the middle of 2011, Paul Jasinkiewicz began to sexually harass the plaintiff directly, saying in the presence of his co-owner that he would take the plaintiff to bed; that he would marry the plaintiff; that he would date the plaintiff, etc.; once again reinforcing the fact that any potential policy in the workplace meant literally nothing and that both gentlemen would continue to give knowing and purposeful aid to one another and to JCM in the sexual abuse of plaintiff.

26.     Eventually, Paul Jasinkiewicz lost interest in coming on to the plaintiff, but he continued to smile, laugh at and participate in Michael Harvey's sexual abuse of the plaintiff and sexual denigration of other women throughout the rest of plaintiff's employment and until her very last day.

27.     In 2012, racial harassment began.

28.     Plaintiff, being of Filipino and Italian extraction, was told by the defendants that because she was "Filipino," that she should start "cleaning" the office.

29.     In fact, this was not a joke, as plaintiff was then expected to perform cleaning services in the office for the duration of her employment, as well as to suffer further racist comments about people of color or people from other countries.

5

30.     Because her earlier complaints had gone unresponded to and because plaintiff was in a "robotic" mode at this point, hoping only that the conduct would at some point stop and she would be able to continue to earn a living, she simply tried to ignore the conduct and endure.

31.     The environment created was profoundly sexually abusive and also racially/ethnically abusive, was the purposeful and willful creation of the two individual co-defendants aiding and abetting one another and aiding and abetting JCM, they were both willfully indifferent to their own conduct and that of their co-owners, and the defendants are responsible for all such, as well as for punitive damages regarding same.

### SECTION B – ALLEGATIONS REGARDING WAGE AND HOUR VIOLATIONS

32.     This court has jurisdiction to hear complaints brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as complaints made under the New Jersey Wage and Hour Law ("NJWHL").

33.     Plaintiff, as an employee of the defendants, and the defendants themselves, regularly engaged in and/or routinely interacted with interstate commerce.

34.     The defendants collectively make a gross income of more than $500,000.00 per year.

35.     The defendants are "employers" within the meaning of 29 U.S.C. § 203.

36.     From February of 2010 until May of 2015, plaintiff was paid overtime for all hours in excess of 40 in a given week.

37.     Plaintiff is not subject to any exemption under either the state or federal wage and hour laws, as she is not an exempt executive professional or "administrator" as those terms are defined by the FLSA and NJWHL.

6

38.     The individual defendants each directly or indirectly aided and abetted in the interest of JCM in relation to their employees.

39.     Plaintiff was an assistant to the analysts and assisted in making trades, but was little more than the functional equivalent of an executive secretary.

40.     In May of 2015, defendants announced to plaintiff that while she would be expected to continue to work hours in excess of 40 most weeks, she would no longer be receiving overtime.

41.     Plaintiff was making approximately $31.70 per hour, and so her overtime rate would have been approximately just over $45.00 per hour.

42.     In fact, this is what plaintiff was historically paid when paid overtime.

43.     There was no good reason or cause for plaintiff to suddenly stop receiving overtime, as the fundamental nature of her job had not changed in May of 2015.

44.     Plaintiff continued to regularly work in excess of forty hours per week.

45.     Any records demonstrating the number of hours worked by plaintiff over forty per week are in defendants' possession, therefore plaintiff cannot plead with specificity the number of overtime hours worked each week.

46.     Defendants failed to pay overtime for hours worked over forty per week.

47.     Defendants willfully violated the FLSA.

48.     Plaintiff is also entitled to an additional amount of her lost pay as "liquidated" damages provided for in 29 U.S.C. § 216(b).

49.     The above conduct, for substantially the same reasons, also violates the requirements of the New Jersey Wage and Hour Law.

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 8 of 14 Trans ID: LCV20181143203

## COUNT I

### Sexual Harassment Under the LAD

50.     Plaintiff hereby repeats and realleges paragraphs 1 through 49, as though fully set forth herein.

51.     Plaintiff contends that for all of the reasons set forth above, the above-referenced conduct constitutes sexual harassment for which the defendants are responsible both in compensatory and in punitive damages.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Racial/Ethnic Harassment Under the LAD

52.     Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53.     For the reasons set forth above, the above-referenced conduct constitutes racial and/or ethnic harassment for which the defendants are responsible in both compensatory and punitive damages.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

8

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 9 of 14 Trans ID: LCV20181143203

## COUNT III

### FLSA Violation

54.     Plaintiff hereby repeats and realleges paragraphs 1 through 53, as though fully set forth herein.

55.     For the reasons set forth above, Defendants are liable to Plaintiff for overtime compensation at one and one-half her regular hourly rate for all hours worked in excess of forty per work week.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment;

(a)     declaring that the acts and practices complained of herein are in violation of the FLSA;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c)     enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d)     directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e)     directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f)     awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g)     granting such other and further relief as this Court deems necessary and proper.

9

## COUNT IV

### New Jersey Wage and Hour Law

56.     Plaintiff hereby repeats and realleges paragraphs 1 through 55, as though fully set forth herein.

57.     For the reasons set forth above, Defendants are liable to plaintiff for overtime compensation at one and one-half her regular hourly rate for all hours worked in excess of forty per work week.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment;

(a)     declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b)     directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid; and

(c)     awarding plaintiff the costs of this action together with reasonable attorneys' fees.

## COUNT V

### Request for Equitable Relief

58.     Plaintiff hereby repeats and realleges paragraphs 1 through 57, as though fully set forth herein.

59.     Plaintiff requests the following equitable remedies and relief in this matter.

60.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

10

61.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

62.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

63.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

64.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

65.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

66.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 12 of 14 Trans ID: LCV20181143203

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

By:  /s/ Kevin M. Costello
Dated: June 29, 2018                          Kevin M. Costello

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By:  /s/ Kevin M. Costello
      Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By:  /s/ Kevin M. Costello
      Kevin M. Costello

13

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 14 of 14 Trans ID: LCV20181143203

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.    I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, LLC


By:  /s/ Kevin M. Costello
     Kevin M. Costello


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

COSTELLO & MAINS, LLC


By:  /s/ Kevin M. Costello
     Kevin M. Costello


14

MER-L-001396-18   06/29/2018 3:06:41 PM  Pg 1 of 1 Trans ID: LCV20181143203

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001396-18**

| | |
|---|---|
| **Case Caption:** MONTEROSSO CHRISTINE  VS JASINKIEWCZ PAUL | **Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES |
| **Case Initiation Date:** 05/29/2018 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** KEVIN MICHAEL COSTELLO | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** COSTELLO & MAINS, LLC | **Hurricane Sandy related?** NO |
| **Address:** 18000 HORIZON WAY STE 800 | **Is this a professional malpractice case?** NO |
| MT LAUREL NJ 080544319 | **Related cases pending:** NO |
| **Phone:** | **If yes, list docket numbers:** |
| **Name of Party:** PLAINTIFF : MONTEROSSO, CHRISTINE | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company (If known):** Unknown | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/29/2018                                                                                 /s/ KEVIN MICHAEL COSTELLO
Dated                                                                                                      Signed

MER L 001396-18   06/30/2018 4:43:55 AM   Pg 1 of 1   Trans ID: LCV20181145470

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4490
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 29, 2018
                    RE:     MONTEROSSO CHRISTINE  VS JASINKIEWICZ PAUL
                    DOCKET: MER L -001396 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS: HON R BRIAN MCLAUGHLIN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      050
AT: (609) 571-4200.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: KEVIN M. COSTELLO
                              COSTELLO & MAINS, LLC
                              18000 HORIZON WAY STE 800
                              MT LAUREL        NJ 08054-4319

ECOURTS

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ
08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court
House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management
Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior
Court
Sussex County Judicial
Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior
Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-
6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior
Court
Civil Division, Court
House
413 Second Street
Belvidere, NJ 07823-
1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

# EXHIBIT B

HOWARD A. MATALON (031101991)
LAUREN M. PAXTON, ESQ. (001642010)
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2453
Attorneys for Defendants

| | |
|---|---|
| CHRISTINE MONTEROSSO,<br><br>                    Plaintiff,<br><br>v.<br><br>PAUL JASINKIEWICZ, MICHAEL HARVEY, JASINKIEWICZ CAPITAL MANAGEMENT, LP; and JOHN DOES 1-5 AND 6-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY – LAW DIVISION<br>DOCKET NO.: MER-L-1396-18<br><br>**CIVIL ACTION**<br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL** |

**TO:**      Clerk of the Mercer County Superior Court
             175 South Broad Street
             Trenton, New Jersey 08650

SIR/MADAM:

     **PLEASE TAKE NOTICE** that on July 18, 2018 Defendants Paul Jasinkiewicz, Michael

Harvey, and Jasinkiewicz Capital Management, LP (collectively referred to as "Defendants")

filed a Notice of Removal in the United States District Court for the District of New Jersey to

remove the above-captioned action from the Superior Court of New Jersey, Law Division,

Mercer County, Docket No. MER-L-1396-18, to the United States District Court for the District

of New Jersey.

     **PLEASE TAKE FURTHER NOTICE** that this Notice of that filing is given pursuant

to the provisions of 28 U.S.C. § 1446(d), as amended.  Accompanying this Notice is a copy of

the Notice of Removal so filed.


Dated:  July 19, 2018


                                      **OLENDERFELDMAN LLP**
                                      Attorneys for Defendants

                                      ***/s/Howard A. Matalon***
                                      Howard A. Matalon, Esq.
                                      Lauren M. Paxton, Esq.
                                      OLENDERFELDMAN LLP
                                      422 Morris Avenue
                                      Summit, New Jersey 07901
                                      908-964-2424
                                      hmatalon@olenderfeldman.com
                                      lpaxton@olenderfeldman.com

# EXHIBIT C

Howard A. Matalon, Esq.
Lauren M. Paxton, Esq.
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2485
*Attorneys for Defendants*
*Paul Jasinkiewicz, Michael Harvey, and*
*Jasinkiewicz Capital Management, LP*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTINE MONTEROSSO, | 18 Civ. _____ |
| Plaintiff, | **ECF CASE** |
| v. | |
| PAUL JASINKIEWICZ; MICHAEL HARVEY; JASINKIEWICZ CAPITAL MANAGEMENT, LP; and JOHN DOES 1-5 AND 6-10, | **CERTIFICATION OF PAUL JASINKIEWICZ IN SUPPORT OF NOTICE OF REMOVAL** |
| Defendant(s). | |

I, **PAUL JASINKIEWICZ**, of full age, hereby certifies and says:

1. I have personal knowledge of the matters set forth herein.

2. I submit this Certification on behalf of myself and Defendant Jasinkiewicz Capital Management, LP ("JCM").

3. My primary residence is in the State of New Jersey, Somerset County.

4. I own or control 100% of JCM, which is an Delaware Limited Partnership that no longer conducts business in the ordinary course. I am the Managing Partner of JCM. A minority ownership interest in the partnership is held by Delaware trusts that I established for the benefit of

1

my wife Kelly Jasinkiewicz and children (all of whom live with me and reside in New Jersey). The General Partner of JCM is Jasinkiewicz Management LLC, a Delaware limited liability company formerly conducting business in the State of New Jersey, whose members include only myself and my wife.  There are no other persons or entities who hold any membership interest in JCM.  Immediately prior to discontinuing business operations earlier this year, JCM conducted business out of an office located at 55 Madison Avenue, Morristown, New Jersey 07960.

5.       I consent on behalf of myself and JCM to the removal of this action from the Superior Court of New Jersey, Mercer County Vicinage (Docket No.: MER-L-1396-18), to the United States District Court for the District of New Jersey, Newark Vicinage.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PAUL JASINKIEWICZ

Dated: 7/18/2018

# EXHIBIT D

Howard A. Matalon, Esq.
Lauren M. Paxton, Esq.
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2424
*Attorneys for Defendants*
*Paul Jasinkiewicz, Michael Harvey, and*
*Jasinkiewicz Capital Management, LP*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTINE MONTEROSSO,<br><br>                              Plaintiff,<br><br>v.<br><br>PAUL JASINKIEWICZ; MICHAEL HARVEY; JASINKIEWICZ CAPITAL MANAGEMENT, LP; and JOHN DOES 1-5 AND 6-10,<br><br>                              Defendant(s). | 18 Civ. _____<br><br>**ECF CASE**<br><br>**CERTIFICATION OF MICHAEL HARVEY IN SUPPORT OF NOTICE OF REMOVAL** |

I, **MICHAEL HARVEY**, of full age, hereby certifies and says:

1.   I have personal knowledge of the matters set forth herein.

2.   My primary residence is in the State of New Jersey, Morris County.

3.   As of the filing of this Certification, I have not been served with the Summons and Complaint relating to the State Court action, nor to the best of my knowledge have any attempts to serve me been made on my personal residence.

1

4.      I consent to the removal of this action from the Superior Court of New Jersey,

Mercer County Vicinage (Docket No.: MER-L-1396-18), to the United States District Court for

the District of New Jersey, Newark Vicinage.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  7/18/18

_____
MICHAEL HARVEY

2